UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMANUEL IGIDI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 3:13-1338 (RNC) |
| | : |
| CONNECTICUT DEPARTMENT OF | : |
| CORRECTION and LEO ARNONE, | : |
| | : |
| Defendants. | : |

RULING AND ORDER

Plaintiff Emanuel Igidi, a former employee of the Connecticut Department of Correction ("DOC"), brings this action pursuant to 42 U.S.C § 1983 against the DOC and former DOC Commissioner Leo Arnone alleging race discrimination and retaliation in violation of the Fourteenth Amendment, 42 U.S.C. § 1981 and Title VII.  The defendants have moved to dismiss the action for lack of subject matter jurisdiction, lack of personal jurisdiction and insufficiency of service of process, and failure to state a claim on which relief may be granted.  No opposition has been filed.[1]  Under Local Rule 7(a)(1), "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide

---

[1] In the absence of a response to the motion by plaintiff's counsel, a telephone conference was scheduled to discuss the motion but plaintiff's counsel failed to appear.

1

sufficient grounds to deny the motion." The Court is therefore obliged to consider the pleadings to determine whether dismissal is proper. See Goldberg v. Danaher, 599 F.3d 181, 183-84 (2d Cir. 2010). After conducting the required review of the pleadings, the Court concludes that the motion should be granted in substantial part for essentially the reasons stated by the defendants in their supporting memorandum.

I.

Plaintiff commenced this action on September 11, 2013. Soon after the action was filed, he filed an amended complaint adding eleven new plaintiffs. On April 24, 2014, the Court severed and dismissed the claims of the new plaintiffs without prejudice to refiling in separate actions on the ground that the claims could not be joined in one action. Plaintiff then filed a second amended complaint on May 16, 2014. Defendants responded by filing a motion for more definite statement, which was granted. On September 1, 2014, plaintiff filed a third amended complaint, which is the subject of the motion to dismiss.

The third amended complaint ("the complaint") alleges that plaintiff, a male of African descent, experienced various acts of discrimination at DOC during the period 2006 through 2013. He alleges that a correctional counselor threw boxes of toothpaste at him; he was denied use of a computer; when he asked to be allowed to leave work because he was experiencing high blood

pressure, his request was denied; he was verbally threatened; one of his time-off slips was confiscated and destroyed; and he was unfairly evaluated resulting in a non-recommendation for promotion.  He further alleges that he made complaints with regard to some of these acts of discrimination, and that he was not recommended for promotion in retaliation for his complaints.

The complaint contains four counts.  The defendants seek an order dismissing all four counts without leave to amend.  Assuming the truth of the non-conclusory factual allegations of the complaint, the Court concludes that the motion should be granted as to three of the four counts and granted in part as to the remaining count.

## II.

<u>Count One</u>

Count one of the complaint is brought pursuant to 42 U.S.C. § 1983 against defendant Arnone in his *official* capacity alleging race discrimination in violation of the Fourteenth Amendment.  Third Amend. Compl. (ECF. No. 47) at 5-7.  Defendants move to dismiss this count on the grounds that the Eleventh Amendment bars claims for money damages against a state official in his official capacity, <u>see</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989); the complaint contains no specific request for injunctive relief, <u>see</u> <u>Bogle-Assegi v. CHRO</u>, 331 Fed. Appx. 70, 71-72 (2d Cir. 2009); Title VII provides the correct

3

avenue for seeking injunctive relief against the DOC, rather than an official capacity claim against the former Commissioner; and Arnone retired before this action was filed rendering him incapable of complying with an order of injunctive relief. In the absence of opposition, the Court concludes that this count should be dismissed for substantially the reasons stated by the defendants.

Count Two

Count two is brought pursuant to § 1983 against defendant Arnone in his *personal* capacity alleging race discrimination in violation of 42 U.S.C. § 1981. Third Amend. Compl. (ECF. No. 47) at 7-8. Defendants urge that this count must be dismissed because, although Arnone has been served with process in his official capacity (via delivery of the summons and complaint to the Office of the Attorney General), no attempt has been made to serve him in his personal capacity and the period for completing service has expired.[2] The docket does not reflect any return of service or executed waiver of service for Arnone in his personal capacity. In addition, Arnone has submitted an affidavit stating that he has not been served, Arnone Aff. (ECF. No. 53-2) ¶ 4, did

---

[2] As defendants point out, service on a defendant in his official capacity does not constitute service on the defendant in his personal capacity. See Burgos v. Dep't of Children & Families, 83 F. Supp. 2d 313, 316 (D. Conn. 2000) ("Service on defendant . . . through the Attorney General or through [the Department of Children and Families] is insufficient to subject her to suit in her individual capacity.").

4

not receive a request to waive service in the mail, id. ¶ 5, and did not designate, appoint or authorize anyone in the Office of the Attorney General to act as his agent to accept service of process for him in his individual capacity.  Id. ¶ 6.  These averments are uncontested.  Thus, the motion to dismiss count two is granted.[3]

Count Three

Count three of the complaint is brought against the DOC alleging race discrimination in violation of Title VII.  Third Amend. Compl. (ECF. No. 47) at 9.  Defendants move to dismiss this count on the ground that, with regard to most of the acts of discrimination alleged in the complaint, plaintiff failed to file a timely complaint of discrimination with the EEOC.  To be timely, a Title VII claim must be filed with the EEOC "within 300 days after the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(e).  Generally, each act of discrimination constitutes a separate "unlawful employment practice"; thus, an injured party must file a charge of discrimination with the EEOC within 300

---

[3] Defendants urge that plaintiff should not be given more time to serve Arnone in his personal capacity because (1) plaintiff's counsel has failed to correct the failure to serve Arnone personally despite having notice of the problem and (2) permitting plaintiff to correct the problem would be futile because Arnone was not at DOC during 2006 to 2010, and there are no allegations in the complaint permitting a plausible inference that he was personally involved in the alleged acts of discrimination as required to support a claim against him under § 1983.  In the absence of opposition, I agree.

days of the discriminatory act or lose the ability to recover for that act under Title VII. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 111-114 (2002).[4]

---

[4] Hostile work environment claims are treated differently. Such a claim is timely if an act contributing to the hostile work environment occurred within the filing period, in which case the claim pulls in prior acts that contributed to the hostile work environment. Defendants do not analyze count three as alleging a claim for a hostile work environment. The phrase "hostile work environment" does not appear in this count (although the phrase does appear once in passing in the fourth count alleging retaliation). Adequately pleading a hostile work environment claim under current pleading standards requires considerably more than simply including the phrase "hostile work environment" somewhere in the complaint. Rather, a plaintiff must allege conduct that "(1) 'is objectively severe or pervasive– that is, . . . creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive;' and (3) 'creates such an environment because'" the plaintiff is a member of a protected class. Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (quoting Gregory v. Daly, 243 F.3d 687, 691-92 (2d Cir. 2001)). A workplace can be regarded as hostile if it is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). Whether conduct qualifies as sufficiently abusive must be assessed in all the circumstances and depends on such factors as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 23. As a general matter, "isolated incidents . . . will not suffice to establish a hostile work environment," though "a single episode of harassment can establish a hostile working environment if it is sufficiently severe." Redd v. New York Div. of Parole, 678 F.3d 166, 175-76 (2d Cir. 2012). In this case, the alleged acts of discrimination fall well short of supporting a reasonable inference that the plaintiff's workplace at DOC was beset by pervasive abusive conduct that was objectively severe. Thus, in the absence of opposition, the timeliness of the allegations in count three is properly analyzed on the assumption that the count alleges discrete acts of discrimination.

6

Plaintiff filed his complaint with the EEOC on September 30, 2011.  Counting back from that date, the 300-day filing period encompasses alleged acts of discrimination that occurred on or after December 4, 2010.  All but two of the alleged acts of discrimination set forth in the complaint occurred before then.  The two acts of discrimination alleged in the complaint that occurred after that time (i.e. within the 300-day filing period) are confiscation and destruction of a time slip on or about April 1, 2011, Third Amend. Compl. (ECF. No. 46) ¶ 25, and refusal to provide the plaintiff with a fair evaluation leading to a non-recommendation for promotion on or about January 23, 2013.  Id. ¶ 29.  Defendants argue that these alleged acts of discrimination do not support a Title VII claim because neither qualifies as an adverse employment action covered by the statute.

An adverse employment action occurs for purposes of Title VII when "there is a 'materially adverse change' in the terms and conditions of employment."  Hrisinko v. N.Y. City Dep't of Educ., 369 Fed. App'x 232, 235 (2d Cir. 2010).  Examples include "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to the particular situation."  Galabya v. N.Y. City Bd. of Ed., 202 F.3d 636, 640 (2d Cir. 2000); 2000);

see Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 128 (2d Cir. 2004) ("[S]ubjective, personal disappointments do not meet the objective indicia of an adverse employment action.").

Plaintiff does not allege that he was terminated or demoted, suffered a loss of benefits or experienced a significant change in responsibilities.  And destruction of a single time slip with no loss of pay does not qualify as an adverse employment action.  However, a poor performance evaluation may qualify if it has a "material impact, such as an effect on plaintiff's promotion opportunities or pay."  See Bowen-Hooks v. City of New York, No. 10-CV-5947(MKB), 2014 WL 1330941, *22 (S.D.N.Y. Mar. 31, 2014).  In this case, plaintiff seems to be alleging that an unfair performance evaluation resulted in a recommendation that he not be promoted.  Crediting that allegation, as the Court must, it is sufficient to allege an adverse employment action.  Accordingly, the motion to dismiss count three is denied with regard to the claim based on the unfair evaluation on the understanding that the evaluation resulted in a recommendation that plaintiff not be promoted.

Count Four

Count four is brought against the DOC alleging retaliation in violation of Title VII.  To plead a claim of Title VII retaliation, a plaintiff must allege facts showing "(1) that she was engaged in protected activity by opposing a practice made

8

unlawful by Title VII; (2) that the employer was aware of that activity; (3) that she suffered an adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action." Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998). Defendants argue that even assuming the plaintiff engaged in protected activity and experienced an adverse employment action, the retaliation claim must fail due to the lack of a causal connection between the two.  They point out that the protected activity alleged by plaintiff - filing a complaint in May 2011 - occurred more than a year and a half before the alleged retaliation - an unfair evaluation in January 2013.

   No bright line delineates the point at which the temporal relation between protected activity and adverse action becomes too attenuated to support a reasonable inference of causation. See, e.g., Grant v. Bethlehem Steel Corp., 622 F.2d 43, 45–46 (2d Cir. 1980) (inferring causation because a retaliatory act followed the filing of an EEOC complaint by eight months). However, a lapse of more than a year and a half between the protected activity and the adverse employment action tends to undercut an inference of a causal connection.  In such a case, therefore, more is required to support a plausible retaliation claim.  Here, the complaint contains no allegations permitting a reasonable inference that the unfair evaluation in January 2013

9

was in retaliation for the complaint in May 2011.  In the absence of such allegations, this count fails to state a claim on which relief may be granted.

### III.

Accordingly, the motion to dismiss is hereby granted as to counts one and two, granted in part as to count three, and granted as to count four.  As a result of this ruling and order, only count three remains to be adjudicated and only insofar as it alleges a Title VII claim against DOC for race discrimination based on the allegedly unfair evaluation in 2013 that resulted in a denial of promotion.

So ordered this 9th day of January 2015.

                                          /s/ RNC

                              Robert N. Chatigny, U.S.D.J.