```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

EMANUEL IGIDI,                      :
                                    :
     Plaintiff,                     :
                                    :
     v.                             :    CASE NO.  3:13cv1338(RNC)
                                    :
CONNECTICUT DEPARTMENT OF           :
CORRECTION, et al.,                 :
                                    :
     Defendants.                    :
```

### RULING ON MOTION TO COMPEL AND FOR SANCTIONS

The plaintiff Emanuel Igidi brings this action against the Connecticut Department of Correction ("DOC") and former DOC Commissioner Leo Arnone alleging employment discrimination. Pending before the court is the defendants' motion to compel and for sanctions. (Doc. #56.)  The defendants request that the court: (1) order the plaintiff to respond to their discovery requests and provide a damages analysis and (2) impose sanctions.  For the reasons set forth below, the motion is granted in part and denied in part.

Motion to Compel

On September 11, 2014, the defendants served the plaintiff with their "First Set of Interrogatories and Requests for Production."  The plaintiff did not respond within the thirty day deadline. See Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A).  On November 13, 2014, the defendants filed the instant motion.  The plaintiff did not file an opposition to the

motion.[1]  See D. Conn. L. Civ. R. 7(a)(1) ("Unless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion. . . ."). The defendants' motion to compel responses to their September 11, 2014 discovery requests is granted absent objection. Pursuant to D. Conn. L. Civ. R. 37(d), the plaintiff's compliance is due within fourteen days of this order. The court warns the plaintiff that "[a] party who flouts [discovery] orders does so at his peril," Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988), and that failure to comply with a court order might result in the imposition of sanctions, including dismissal.

Damages Analysis

The plaintiff's damages analysis was due November 1, 2014. (Doc. #42.) The plaintiff is ordered to provide a damages analysis within fourteen days of this order.

Sanctions

The defendants seek sanctions for the plaintiff's failure to

---

[1] On December 9, 2014, the plaintiff filed a motion for an extension of time until December 15, 2014 in which to respond to the motion to compel. (Doc. #60.) Judge Chatigny denied the motion for extension of time without prejudice for "failure to comply with Local Rule 7." (Doc. #62.) On December 12, 2014, the plaintiff filed an "amended motion for extension of time." (Doc. #63.) Judge Chatigny denied the motion for failure to show good cause. (Doc. #70.)

respond to discovery.[2]  Federal Rule of Civil Procedure 37(a)(5)(A) provides for the award of reasonable expenses, including attorneys' fees, when a motion to compel is granted.  There are three exceptions to the Rule: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.  None of these exceptions are present here.  As a result, the defendants are entitled to recover their reasonable expenses, including attorneys' fees, incurred to prepare and file their motion to compel.  The parties are ordered to meet and confer in a good faith effort to reach an agreement regarding the fees.  If the parties are unable to agree, the defendants may file a motion and appropriate affidavits in support of their request.

Status Conference

A status conference is scheduled for February 10, 2015 at noon in the East Courtroom.

SO ORDERED at Hartford, Connecticut this 23rd day of January, 2015.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[2] Defendants' cursory requests for preclusion or dismissal are denied.