```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

EMANUEL IGIDI,                    :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :     CASE NO.  3:13cv1338(RNC)
                                  :
STATE OF CONNECTICUT              :
DEPARTMENT OF CORRECTION,         :
                                  :
     Defendant.                   :
```

ORDER

Pending before the court is the defendant's motion for reconsideration (doc. #95) of the court's recommended ruling denying the defendant's motion to dismiss (doc. #93). The motion is DENIED.

The standard for granting motions for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The grounds justifying reconsideration are "an intervening change or controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). In its motion, defendant sets forth deficiencies in the plaintiff's discovery responses discovered after oral argument on the motion[1] and asks the court

---

[1] As indicated in the recommended ruling, plaintiff's counsel emailed discovery responses to defense counsel at 6 a.m. on the day of the hearing on the motion to dismiss. (Doc. #93 at 7.)

either to dismiss the case or modify the recommended ruling adding additional relief. Reconsideration is not warranted because the court's ruling considered the fact that the plaintiff's compliance was incomplete, although at the time, neither the defendant nor the court knew the extent of the deficiencies. (Doc. #93 at 8.)

In the alternative, even if the court were to grant the motion for reconsideration, it would nonetheless adhere to its ruling. The court's ruling was based on the information before it at the time. To modify the decision based on subsequent information would confuse an already over-complicated record. As to defendant's concern that it is without a remedy, the defendant has a court order compelling discovery which remains in effect. (Doc. #75.) The defendant is not foreclosed from another application for relief. Regarding defendant's complaint that plaintiff has yet to comply with the court's order imposing sanctions, counsel are directed to, inter alia, Local Rule 16(g), which addresses an attorney's failure to comply with a final order of monetary sanctions. See Local Rule 16(g).

SO ORDERED at Hartford, Connecticut this 10th day of September, 2015.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge