```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

EMANUEL IGIDI,                   :
                                 :
     Plaintiff,                  :
                                 :
v.                               :     Case No. 3:13-CV-1338(RNC)
                                 :
STATE OF CONNECTICUT             :
DEPARTMENT OF CORRECTION,        :
                                 :
     Defendant.                  :
```

## ORDER OF DISMISSAL

Defendant has filed a notice informing the Court that plaintiff and his counsel have failed to comply with the Court's order of September 30, 2015. ECF No. 102. That order provided as follows:

> Plaintiff will comply with all outstanding
> discovery requests as detailed in defendant's
> objection to the recommended ruling no later than
> October 31, 2015. In addition, plaintiff's
> counsel will meet and confer with defense counsel
> regarding attorney's fees and costs as directed in
> the recommended ruling. This meeting will occur
> no later than October 31, 2015. Compliance with
> this Order is expected. In the event of
> noncompliance, the case will be dismissed without
> further notice.

Id.

Defendant's notice informs the Court that plaintiff has failed to respond to outstanding discovery requests and plaintiff's counsel has failed to make any effort to meet and confer as directed. In the notice, defendant renews its request that the case be dismissed with prejudice. Plaintiff has not responded in any way. The Court agrees that dismissal with prejudice is now warranted.

I.  <u>Background</u>

Defendant previously moved to dismiss this case with prejudice under Federal Rules of Civil Procedure 37(b) and 41(b) as a sanction for plaintiff's failure to comply with an order granting a motion to compel.  ECF No. 79.  Defendant urged that dismissal with prejudice was warranted

> in light of the long and well-documented history of problematic conduct by Plaintiff in this case, including failure to obey court orders, failure to appear for a conference . . . , failure to respond to numerous motions (including dispositive motions), failure to conduct any discovery or to respond to Defendant's discovery requests, failure to meet deadlines, failure to timely seek extensions, failure to confer as required and to respond to conferral attempts, and failure to follow the local and federal rules of procedure that govern this action.

<u>Id.</u> at 1-2.  The motion to dismiss was referred to Magistrate Judge Martinez.

After a hearing at which the plaintiff, Emanuel Igidi, was ordered to appear, Judge Martinez recommended that the motion to dismiss be denied but that monetary sanctions be imposed on plaintiff's counsel, Josephine S. Miller.  Recommended Ruling (ECF No. 93) at 13-14.  Applying the <u>Agiwal</u> factors, Judge Martinez found that although the plaintiff's failure to comply with the order compelling discovery was willful, the plaintiff himself was without fault, and Attorney Miller's disregard of the order was not strategically designed to disadvantage the defendant.  <u>Id.</u> at 8-12.  Judge Martinez concluded that Attorney

Miller should be required to pay the costs and fees incurred by the defendant in making the motion to dismiss and that the parties should be required to meet and confer in a good faith effort to reach agreement regarding the fees. Id. at 12-13. The Magistrate Judge warned that further noncompliance could result in dismissal.

After review, and over both parties' objections, the recommended ruling was approved.

II. Discussion

Federal Rule of Civil Procedure 37 provides that if a party "fails to obey an order to provide . . . discovery . . . the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "A district court has wide discretion to impose sanctions," Design Strategy, Inc. V. Davis, 469 F.3d 284, 294 (2d Cir. 2006), but the sanction "must be commensurate with the non-compliance," Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007).

In determining whether dismissal under Rule 37 is appropriate, a court must consider four factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . .

noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). After considering these four factors, the Court concludes that dismissal is now unavoidable.

The record establishes that Attorney Miller has repeatedly failed to comply with court orders over a lengthy period of time without good cause. See Handwerker v. AT & T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002), aff'd, 93 F. App'x 328 (2d Cir. 2004) ("'[A] party's persistent refusal to comply with a discovery order' presents sufficient evidence of willfulness, bad faith or fault." (quoting Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 509 (S.D.N.Y. 1993))).[1] In adopting the recommended ruling over the defendant's objection that dismissal was required, I agreed with Judge Martinez that dismissal was too drastic a sanction to impose on Mr. Igidi at that time. But the reported noncompliance with this Court's order adopting the recommended ruling changes the situation significantly.

In light of what transpired at the hearing on the motion to dismiss conducted by Magistrate Judge Martinez, it was incumbent on Mr. Igidi to prudently monitor the case and make sure his counsel did not once again put the case in jeopardy. Indeed,

---

[1] As Judge Martinez stated in the recommended ruling, Attorney Miller "has offered no satisfactory explanation for her lack of diligence and inattention to deadlines." Recommended Ruling (ECF No. 93) at 14.

Judge Martinez explicitly warned both Mr. Igidi and Attorney Miller that continued noncompliance could result in dismissal. Recommended Ruling (ECF No. 93) at 14 ("Plaintiff and his attorney are on notice that, in light of the track record in this case, any further noncompliance with court orders may result in the imposition of sanctions, including potentially case-dispositive ones."). And this Court was even more direct. Order Approving Recommended Ruling (ECF No. 102) ("Compliance with this Order is expected. In the event of noncompliance, the case will be dismissed without further notice."). Yet, plaintiff still has not responded to eighteen of thirty requests for production -- requests made over a year ago -- notwithstanding this Court's order requiring compliance with all outstanding discovery requests by no later than October 31. <u>Id.</u> Viewed in the context of the full history of this case and the recent hearing, this latest instance of serious noncompliance with an unambiguous court order is fairly chargeable to Mr. Igidi, not just Attorney Miller.

    Dismissal with prejudice is a harsh sanction. In this instance, however, plaintiff and his counsel have invited dismissal by failing to comply with this Court's order in the face of an explicit warning that noncompliance would result in dismissal "without further notice." In the absence of any response to the defendant's notice of the plaintiff's seemingly

total noncompliance with the order, the action must be dismissed. Otherwise, the Court would signal that its plainly worded orders actually have little meaning.

The Court notes that a putative class action has been filed by Attorney Miller on behalf of Mr. Igidi and others, which appears to be duplicative of the only remaining claim in this case.  See Williams v. Semple, 3:15-CV-465(RNC).[2]  Perhaps Mr. Igidi and Attorney Miller have decided to abandon this case in light of the  class action.  Even if that is not so, dismissal with prejudice is required, lesser sanctions having been tried without success, fair warning having been given, and no response to the defendant's notice having been filed.[3]

III. Conclusion

Accordingly, the case is hereby dismissed with prejudice.

So ordered this 20th day of November 2015.

                                        /s/ RNC
                                   Robert N. Chatigny
                          United States District Judge

---

[2] The only remaining claim in the present case is a Title VII race discrimination claim based on an allegedly unfair evaluation of the plaintiff in 2013 that resulted in a denial of promotion.  See Ruling and Order (ECF No. 66) at 10.  The complaint in the class action seeks relief on the basis of the same allegedly unfair evaluation.  See Compl. (ECF No. 1) ¶ 8(d).

[3] The Court also notes that dismissal of Mr. Igidi's case does not absolve Attorney Miller of her obligations under the order of September 30.  That matter will be addressed separately.